## MELÉNDEZ *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Guayama.

No. 93.—Decided May 17, 1911.

POSSESSORY-TITLE PROCEEDINGS — MANNER OF PRESENTING EVIDENCE — AFFIDAVITS.—In accordance with articles 390 and 391 of the Mortgage Law, which have not been repealed by any subsequent act, the manner of presenting evidence in possessory-title proceedings is by the personal appearance of the witnesses in the court that is to decide the proceedings, which is the only one having jurisdiction to take the testimony of the witnesses, sworn declarations or affidavits being incompetent as evidence.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

MR. JUSTICE WOLF delivered the opinion of the court.

Article 390 of the Mortgage Law provides:

"To carry into effect the provisions of the preceding article, owners who lack a recorded title of ownership, no matter when the property was acquired, are given the power of recording their titles, first accrediting their possession before the judge of first instance of the place where the property is located, the *fiscal* to be given a hearing and the neighbors with properties adjacent to be cited, should they desire to record the absolute ownership of a piece of land, and with citation of the owner or others having an interest in the property, if they desire to record some other right," etc.

Article 391 provides:

"In the execution of the provisions of the preceding article, the following rules shall be observed:

"First. The document in which the admission of the proceedings is requested shall contain:

"1. The nature, location, area, boundaries, name, and encumbrances on the estate the possession of which it is desired to prove.

"2. The legal nature, value, conditions, and encumbrances on the property right the possession of which is in question, and the nature, location, boundaries, and name, should it have any, of the estate on which such right exists.

"3. The name and surnames of the person from whom the realty or interest was acquired.

"4. The length of time the possession has been had, the circumstance of demanding a written title or the difficulty of finding it, should it exist.

"Second. The proceedings shall be conducted with two or more witnesses, landowners of the town or municipal district in which the estates are located."

This being the state of the law on February 9, 1911, Lucas Meléndez Alboy presented to the Registrar of Property of Guayama an order of the Municipal Court of Cayey in a possessory proceeding, to which articles 390 and 391 refer. The papers in the proceeding show that no witnesses appeared in person before the Municipal Judge of Cayey, but instead thereof three affidavits were presented, and these affidavits were sworn to before the justice of the peace of Cidra. There was no question of the sufficiency in law of the matter set out in the affidavits, but when the order was presented to the Registrar of Guayama he refused to record the same because the proceeding failed to comply with the provisions of the Mortgage Law above set forth, and because the power of the municipal court to take the proof could not be delegated.

We think the action of the registrar was entirely justified by the law. It is contended that the provisions of the Mortgage Law have been superseded by the changed procedure, and especially by sections 123 and following of the Law of Evidence. Section 123, it is true, says that the testimony of witnesses may be taken in three modes, namely, first, by affidavit; second, by deposition; third, by oral examination, but sections 128 and 133 define the cases in which affidavits may be taken. By section 128 it becomes clear that an affidavit is generally an ancillary proceeding or something to support or verify another paper or proceeding or "expressly permitted by some other provision of this, or any law of Porto Rico." *Expressio unius est exclusio alterius.* There is no special authority of law for an affidavit in a possessory proceeding.

It is unnecessary to dwell on the provisions of the Law of Evidence because we think articles 390 and 391 of the Mortgage Law determine the question. These articles have never been repealed. It is the court which is to issue the possessory order that must receive the declarations of the witnesses. No other court has jurisdiction in the matter. It is not enough to say that there is no stenographer in the municipal court. The judge thereof may still write out and file a statement that the witnesses appeared before him and made proof of the facts that the law requires. To have the witnesses before the officer who is responsible for the issuance of a possessory order is another guaranty to the security of property. The order appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.